CHRISTIE SCARBOROUGH
118 Fortress Drive
Winchester, Virginia, 22603
Christie 2307 @gmail.com
Tel: (703) 309-5538

*Plaintiff / Self-Represented*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT of VIRGINIA**

| | |
|---|---|
| **CHRISTIE SCARBOROUGH** | Case No: 3:20cv738 |
| *Plaintiff,* | COMPLAINT FOR DAMAGES AND INJUNCTION. |
| vs. | [42 U.S.C. § 1983] |
| **FREDERICK COUNTY PUBLIC SCHOOLS** and DOES 1 – 10 | |
| *Defendants.* | *Plaintiff Demands Jury Trial* |

MAY IT PLEASE THE COURT—comes now the Plaintiff with the instant *Complaint for Damages and Injunction*, as per 42 U.S.C. § 1983.

- 1 -

## JURISDICTION, PARTIES & VENUE

(1) <u>Federal Questions</u>: As per 28 U.S.C. §1331, district courts have original jurisdiction in civil actions arising under the Constitution. Here, the legal issues concern the following substantive rights—

* First Amendment—*i.e.*, (i) the right to free speech, and (ii) the right to petition for redress; and

* Fourteenth Amendment Equal Protection Clause—*i.e.*, the right to live free of governmental discrimination.

(2) <u>Venue</u>: Venue is properly laid in United States District Court, Eastern District of Virginia. All parties are situated in Frederick County, Virginia.

(3) <u>Plaintiff</u>: Plaintiff, CHRISTIE SCARBOROUGH, is a stay-at-home mom residing in Frederick County, Virginia.

(4) <u>Defendant</u>: Defendant, FREDERICK COUNTY PUBLIC SCHOOLS, is a government agency situated in Frederick County, Virginia.

(5) <u>Demand for Trial by Jury</u>: Plaintiff hereby demands trial by jury as per the Seventh Amendment.

\* \* \*

## CAUSE *of* ACTION No. 1

### 42 U.S.C. § 1983 – CLAIM FOR DAMAGES & INJUNCTION

(6) <u>Cause of Action No. 1</u>: Plaintiff brings Cause-of-Action No. 1, for damages and injunctive relief, against Defendant, FREDERICK COUNTY PUBLIC SCHOOLS, under 42 U.S.C. § 1983, for violation of Plaintiff's substantive rights.

(7) <u>Free Speech Rights</u>: Under the First Amendment, Plaintiff SCARBOROUGH has (i) a right to free speech, and (ii) a right to petition for redress. In addition, the Virginia Constitution guarantees Plaintiff the right to "freely publish her sentiments on all subjects," [*see* Virginia Constitution, Art. 1, Sec. 2].

(8) <u>Equal Protection Rights</u>: Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff SCARBOROUGH has a right to live free of unequal treatment by government agencies.

(9) <u>State Actor Requirement</u>: Defendant, FREDERICK COUNTY PUBLIC SCHOOLS, is a "state actor" because Defendant is a government agency; and, because Defendant is a "state actor," the Constitution thus applies.

(10) <u>Defendant's Facebook Page</u>: Defendant, FREDERICK COUNTY PUBLIC SCHOOLS, maintains a Facebook page called: *Frederick County Public Schools.*

(11) <u>Facebook Page—Registration</u>: Defendant's Facebook page is officially registered as a "Government Organization."

(12) <u>Facebook Page—Open to the Public</u>: Defendant's Facebook page invites all Facebook users to post comments at its Facebook page. Notably, membership is *not* required in order for users to post comments.

(13) <u>Facebook Page—No Restrictions</u>: Defendant's Facebook page places no restrictions on what users may post. Facebook users may freely post their sentiments on all subjects.

(14) <u>Public Forum</u>: Defendant's Facebook page is deemed a "public forum" because (i) the page is run by a government agency, and (ii) the page is open to the general public. Viewpoint discrimination is thus prohibited.

(15) <u>Plaintiff Posts Comments at Defendant's Facebook Page</u>: In September 2020, Plaintiff posted comments at Defendant's Facebook page concerning the school's re-opening, Covid-19 masks, and child abuse.

(16) <u>Defendant's Facebook Page Censored Plaintiff</u>: As a direct result of Plaintiff SCARBOROUGH'S comments at Defendant's Facebook page, Defendant censored Plaintiff—in two separate ways: (i) by deleting Plaintiff's comments, and (ii) by blocking Plaintiff's ability to make comments.

(17) <u>Viewpoint Discrimination</u>: By deleting Plaintiff's comments and blocking her from the Facebook page, Defendant engages in viewpoint discrimination.

(18) <u>Violation of Free Speech Rights</u>: By deleting Plaintiff's comments and blocking her from subject Facebook page, Defendant violates Plaintiff's First Amendment rights to right to free speech and to petition the gov't for redress. Defendant further violates Plaintiff's right to "freely publish her sentiments on all subjects"—a right guaranteed by Virginia Constitution, Art. 1, Sec. 12.

(19) <u>Violation of Equal Protection</u>: In addition, by deleting Plaintiff's comments and blocking her from subject Facebook page, Defendant violates the Equal Protection Clause of the Fourteenth Amendment—the right to live free of governmental discrimination.

(20) <u>Substantive Due Process Violations</u>: Defendant violates substantive rights, which gives rise to a claim under 42 U.S.C. § 1983. Plaintiff suffers deprivations of the following constitutional liberties—

    (a)    the right to freedom of speech, (1st Amdt);

    (b)    the right to petition for redress, (1st Amdt); and

    (c)    the right to live free of governmental discrimination; (14th Amdt).

(21) <u>Monetary Damages</u>: As a direct result of Defendant having violated Plaintiff's substantive due process rights, Plaintiff sustains harm—including mental and emotional distress that results in headache and heartache damages. Plaintiff seeks monetary compensation of at least $5,000.

(22) <u>Injunctive Relief</u>: Defendant's lawlessness is ongoing. Defendant's Facebook page continues to deny substantive rights, including free speech rights, (First Amendment), and the right to live free of governmental discrimination, (Equal Protection Clause, Fourteenth Amendment). Therefore, Plaintiff seeks a *mandatory* injunction requiring Defendant to "un-block" her at subject Facebook page; in addition, Plaintiff seeks a *prohibitory* injunction forbidding Defendant from again blocking her or deleting her comments at subject Facebook page.

\* \* \*

## PRAYER *for* RELIEF

(23) WHEREFORE, Plaintiff prays for judgment against Defendant in the following manner:

 (a) to be adjudged the prevailing party;

 (b) for an award of judgment on all causes of action;

 (c) for an award of monetary damages, of at least $5,000, in accordance with proof at trial;

 (d) for a *mandatory* injunction that requires Defendant to "un-block" Plaintiff at Defendant's Facebook page—as well as a *prohibitory* injunction that forbids Defendant from again blocking Plaintiff or deleting her comments at Defendant's Facebook page;

 (e) for costs and expenses incurred in this prosecuting this action;

 (f) for such other and further relief as the Court deems just and proper.

Dated: **Sept. 14, 2020**

*[signature]*

CHRISTIE SCARBOROUGH,
*Plaintiff / Self-Represented*
Phone: (703) 309-5539

   \*  \*  \*

## VERIFICATION *of* CHRISTIE SCARBOROUGH

My name is CHRISTIE SCARBOROUGH. I am the Plaintiff. All facts herein alleged are true and correct of my own personal knowledge; and as to those matters alleged on information and belief, I reasonably believe them true. If called upon to testify, I could and would give competent and truthful evidence.

I hereby declare under penalty of perjury pursuant to the laws of the Commonwealth of Virginia the foregoing is both true and correct.

Dated: **Sept. 14, 2020**

							_____
							CHRISTIE SCARBOROUGH,
							*Plaintiff / Affiant*

*   *   *